William A. Taylor, III Cowley County Counselor P.O. Box 731 Winfield, Kansas 67156
Dear Mr. Taylor:
You request our opinion concerning whether funds generated by the local alcoholic liquor fund tax and placed in a county's special parks and recreation fund may be distributed to those cities of the second and third classes located in such county that have parks and recreation programs.
The local alcoholic liquor fund is financed through a 10% tax on alcoholic drinks sold in private clubs. K.S.A. 1995 Supp. 79-41a02. Revenues are placed in the fund by the state treasurer and are allocated to each city and/or county on the basis of how many clubs contributed to the fund within that particular governmental unit. K.S.A. 1995 Supp.79-41a04(b). One-third of the money received is earmarked for a special parks and recreation fund. As this situation involves a county's portion of the liquor fund, K.S.A. 1995 Supp. 79-41a04(e) is applicable, which declares that such money may be "expended only for the purchase, establishment, maintenance or expansion of park and recreational services, programs and facilities." Such funds are under the direction and control of the board of county commissioners. K.S.A. 1995 Supp.79-41a04(e). You indicate that Cowley county has no parks and recreation program and the commissioners would like to allocate such funds to those cities of the second and third classes that have parks and recreation departments.
The 10% tax imposed on clubs and drinking establishments was enacted in 1979 and included provisions addressing the use of such funds, however, there is no legislative history that illuminates the legislative intent for requiring the funds placed in city and county coffers be used only for the purposes previously mentioned. In light of the fact that the statute places control of the funds in the hands of the county commissioners, it is our opinion that the county may only use the funds for the purchase, establishment, maintenance or expansion of park and recreational services, programs and facilities. However, this does not preclude a county from allocating such funds to a city's parks and recreation department provided that the monies are used by the department for the purposes indicated in the statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm